**IT IS ORDERED as set forth below:**



**Date: September 4, 2025**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| **WYVONNIE LAVERNE BOLSTON**, | : | CASE NO. **25-58749**-PMB |
| | : | |
| Debtor. | : | |
| __ __ __ __ __ __ __ __ __ __ __ | : | __ __ __ __ __ __ __ __ __ __ __ |
| AMERICREDIT FINANCIAL SERVICES, INC. DBA GM FINANCIAL, | : : : | |
| | : | |
| Movant, | : | CONTESTED MATTER |
| | : | |
| v. | : | |
| | : | |
| WYVONNIE LAVERNE BOLSTON, Debtor; and MELISSA J. DAVEY, Trustee, | : : : | |
| | | |
| Respondents. | | |

**CONSENT ORDER**

This matter came on for hearing on August 28, 2025, on the *Motion for Relief from Automatic Stay* (the "Motion") filed on August 8, 2025, by Americredit Financial Services,

Inc. dba GM Financial (the "Movant")(Doc. No. 21).  Movant claims a security interest in Debtor's vehicle: 2019 NISSAN ALTIMA (the "Collateral").  Movant and Debtor announced that they would present this Consent Order to provide adequate protection to Movant, in the absence of which the Movant's interest in the Collateral would not be adequately protected. The Chapter 13 Trustee having no opposition hereto, good cause having been shown, it is hereby ORDERED that the Motion is DENIED, conditional upon,

1. Debtor agrees to make all plan payments as they come due to the Chapter 13 Trustee and keep the account current with the Chapter 13 Trustee;

2. Debtor agrees to maintain full coverage comprehensive and collision insurance covering the Collateral and listing Movant as loss payee; and

IT IS ORDERED that:

3. In the event Debtor fails to make payments when due pursuant to Paragraph 1 herein above, and/or fails to keep insurance on the Collateral current pursuant to Paragraph 2 herein above, for the life of the plan, then Movant is authorized to provide Debtor and Debtor's counsel with notice to cure the default(s) within ten (10) calendar days of the date of the notice.  If the default(s) is not cured within the ten (10) day period, Movant is authorized to file a Delinquency Motion for Relief from Stay, supported by an affidavit detailing the default(s), with service of same upon Debtor and Debtor's counsel.  In such event, Movant is authorized to present an Order for relief from the automatic stay, and the Court may enter such Order vacating the automatic stay imposed under 11 U.S.C. Section 362 without further notice or hearing so as to allow Movant to recover and dispose of the Collateral and to apply the net

proceeds generated therefrom to its claim in this case with excess funds, if any, that would otherwise be payable to Debtor, to be turned over to the Trustee. In such event, Rule 4001(a)(3) will be waived.

**[END OF DOCUMENT]**

PREPARED and PRESENTED BY:
The Law Office of
LEFKOFF, RUBIN, GLEASON, RUSSO
& WILLIAMS, P.C.
Attorneys for Movant

By:  /S/
   Andrew D. Gleason
   Ga. State Bar No. 297122
5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
agleason@lrglaw.com

NO OPPOSITION TO:
Chapter 13 Trustee

By:  /s/ *Kelsey A. Makeever by Andrew Gleason with express permission*
   Kelsey A. Makeever
   GA Bar No.371499
Office of the Chapter 13 Trustee
Suite 2250
233 Peachtree Street, NE
Atlanta, GA 30303

CONSENTED TO BY:
Attorney for Debtor

By:  /s/ *Stanley J. Kakol by Andrew Gleason with express pemission*
   GA Bar No.  406060
Stanley J. Kakol, Jr.
Suite C
5353 Fairington Road
Lithonia, GA 30038

## DISTRIBUTION LIST

Andrew D. Gleason, Esq.
Lefkoff, Rubin, Gleason, Russo & Williams, P.C.
5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342

Wyvonnie Laverne Bolston
4007 North Hill Parkway
Atlanta, GA 30341

Stanley J. Kakol, Jr.
Suite C
5353 Fairington Road
Lithonia, GA 30038

Melissa J. Davey
Chapter 13 Trustee
Standing Chapter 13 Trustee
Suite 2250
233 Peachtree Street, NE
Atlanta, GA 30303